UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALISON R. SUGGS, SR. | * |
| | * |
| VERSUS | * CIVIL ACTION NO. _____ |
| | * |
| CENTRAL OIL OF BATON ROUGE, LLC | * |
| | * |

## COMPLAINT

**NOW INTO COURT,** comes the Plaintiff, Alison R. Suggs, Sr., through counsel, who respectfully represents that:

### Nature of Case

1.

This action arises from Defendant's violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* as amended; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); La. R.S. 23:311 *et seq.*, La. R.S. 23:322 *et seq.* and La. R.S. 23:631 *et seq.*  The action is filed to provide appropriate relief to Alison R. Suggs, Sr. (Suggs) for unlawful discrimination in employment and the failure to pay wages due (the Louisiana Wage Payment Act).

2.

This action seeks monetary and equitable relief as remedies for Defendant's discriminatory and wage-payment violations.

### Jurisdiction and Venue

3.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims involve federal questions arising from the ADA.

4.

Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's place of business was in this District and, pursuant to 28 U.S.C. § 1391(b)(2), Plaintiff's claims arose out of events and omissions of which a substantial part occurred in the Middle District of Louisiana.

**Parties**

5.

Plaintiff Alison R. Suggs, Sr., was 67 years old during the time of the issues of concern in this case, and a resident of Denham Springs in the Parish of Livingston, and the State of Louisiana. At all relevant times, plaintiff met the definition of an employee and as a qualified individual under the ADA and ADEA and the state equivalents of those laws.

6.

Defendant is Central Oil of Baton Rouge, LLC (Central Oil, hereafter) domiciled in the Parish of East Baton Rouge at 2775 N. Flannery Road in Baton Rouge but with a mailing address of 2300 Booth Street in Monroe, Louisiana 71201. At all material times, Defendant was a covered entity and an employer within the meaning of the ADA and ADEA and its state equivalents (> 15 employees for ADA and >20 employees for ADEA and the state equivalents).

## Administrative Procedures

7.

Plaintiff Alison R. Suggs, Sr. filed a charge of discrimination with the EEOC alleging discrimination based on age and disability. EEOC gave him charge # 416-2012-01898 on September 6, 2012 and which was within 300 days of his June 15, 2012 termination.

8.

EEOC issued Suggs a right to sue letter on December 12, 2012 (Exhibit 1).

9.

Plaintiff filed Complaint within 90 days of his receipt of the right-to-sue notice.

## Factual Allegations

10.

Central Oil hired Plaintiff Suggs in June, 2011 as a truck driver. In early May, 2012, Mr. Suggs asked his supervisor, Alice Longmire, for sick leave for surgery that would occur on June 7, 2012 for treatment of carotid artery disease. Mr. Suggs filled out a leave form and Ms. Longmire wrote on it "Sick Leave".

11.

Doctors performed carotid-artery surgery on Mr. Suggs on June 7, 2012. After being on sick leave for two full work days, he told Ms. Longmire on June 11th that he would return to work that week on Wednesday or Thursday (the 13th or 14th). Ms. Longmire told him that work had been slow and that she would call him to discuss his return later that week.

12.

Having received no call from Ms. Longmire, Mr. Suggs went to Central Oil's offices on the afternoon of Friday, June 15th. Ms. Longmire told him then that Central Oil was downsizing and that he no longer had a job.

13.

Plaintiff is unaware of any business slowdown at Central Oil from when he announced his upcoming surgery in May to his discharge on June 15th.

14.

Although Ms. Longmire told Suggs his termination was a result of the company's downsizing, business continued as before. Central Oil transferred another employee to Suggs' old position and a new employee took over the transferred-employee's job.

15.

Although Mr. Suggs took six days of sick leave from Thursday June 7 to his termination on June 15, 2012, Central Oil never paid him for that sick leave. Central Oil did pay Mr. Suggs' $120 in 2012 for sick leave taken in the pay period ending May 20, 2012 (see paycheck stub at Ex. 2). That left him with 24 hours of unused sick leave (Ex. 2). He still had that 24 hours available to him prior to his taking surgery (Ex. 3). Central Oil never paid him for the sick leave he took during his surgery and recovery (Ex. 4 and 5). Suggs' last three paychecks from Central Oil confirm that Suggs received $120 in sick leave in year 2012, although his last paycheck stub describes the payment as one for PTO (paid time off; Ex. 3-5; PTO is another term sometimes used to describe sick

or personal leave of workers).  His last paycheck stub shows a balance of 4.31 hours of PTO (or sick leave) but this must be an error (Ex. 5).  Suggs had 24 hours of sick leave available to him prior to that paycheck being issued (compare Ex. 2, 3 and 4 with 5) and the paycheck stubs show that no payment was made for sick or PTO after May, 2012 (compare the total amount of wages year-to-date shown in paycheck stubs with expenditures to find that Central Oil paid Suggs in his last three paychecks only for non-sick-leave wages; Ex. 3-5).  The paycheck stubs in Exhibits 2-5 show that the only sick leave Central Oil paid Mr. Suggs in 2012 was for what he took in May, 2012.

16.

Besides Suggs' truck driving duties, he also sold oil for Central Oil.  Prior to his discharge, he had averaged $330 in commissions per month (his last 5 payments there were $404 on Feb. 6, $423 on March 16, $288 in April, $302 on May 4, and $226 on June 8).  Although Central Oil had paid Mr. Suggs a week before his termination, it was still one or two months behind in paying him his commissions.  Central Oil only paid him, however, $32.40 in commissions for the remaining due (Ex. 5).

17.

Mr. Suggs, through counsel, demanded payment from Central Oil on July 14, 2012 for 24 hours of sick leave ($360) and the remaining unpaid commissions ($320 Suggs' estimate at the time).  See Exhibits 6 and 7.  Central Oil has not responded to his request.

## CAUSE OF ACTION
### Louisiana Wage Payment Act

18.

Central Oil's actions in refusing to pay Suggs his unpaid wages violated La. R.S. § 23:631 which requires an employer pay its employees the amount due upon discharge.

19.

Complainant Suggs is entitled to penalties, attorney's fees, costs, interest, and $680 in lost wages pursuant to La. R.S. 23:631§§.

## CAUSE OF ACTION
### Disability Discrimination under the ADA and La. R.S. 23:322 *et seq.*

20.

The preceding paragraphs are incorporated herein by this reference.

21.

Suggs is a "qualified individual with a disability" as that term is defined in the ADA. His clogged carotid arteries and carotid artery disease substantially limited one or more of his major life activities. It also substantially limited the operation of at least one of his major bodily functions, his vascular system (peripheral vascular disease). Further, Central Oil regarded him as having a disability. Plaintiff has the education, training, skills and experience necessary to perform the essential functions of his employment position with reasonable accommodation.

22.

Central Oil discriminated against Suggs in violation of the ADA and La. R.S. 23:322 et seq. on the basis of his disability when it denied his requested accommodations that would have allowed him to take leave that corrected a worsening carotid artery disease

and would have allowed him to continue working at Central Oil while fulfilling the essential functions of that job.

23.

Central Oil further violated the ADA and La. R.S. 23:322 *et seq* when it refused to enter into the required interactive process to determine whether the sick leave would be a reasonable accommodation.

24.

Central Oil would not have had any significant difficulty or expense in providing Suggs the accommodation of leave time as Suggs already had accumulated sick and vacation leave adequate to accommodate his surgery and recovery.

25.

Central Oil approved Suggs request for leave for surgery and seven days later they fired him ostensibly for a business downturn. There does not appear to have been any business downturn and business continued as before in Suggs position. The real reason Central Oil fired Suggs, given the bogus reason for termination and the closeness in time between his sick leave and termination, is more likely than not because Suggs had a disability, his carotid artery disease.

26.

Central Oil intentionally violated the ADA and acted with malice or reckless indifference to Suggs federally protected rights.

## CAUSE OF ACTION
### Age Discrimination Under the ADEA and La. R.S. 23:311 *et seq.*

27.

The preceding paragraphs are incorporated herein by this reference.

28.

After Mr. Suggs was hired, he spoke with the person who hired him, Randy Jeansonne. Mr. Jeansonne said that his supervisor, Brant Daniels, told him that he, Daniels, might get in to trouble for having okayed hiring someone as old as Suggs because Daniels' supervisor did not want him to hire older employees. Mr. Daniels, nonetheless, had interviewed Mr. Suggs first and had given his approval to hire Suggs. Jeansonne, the lower-ranking employee, seconded the hiring. Mr. Jeansonne was later replaced with Alice Longmire, the person who fired Mr. Suggs. Mr. Jeansonne had not received any other orders or suggestions on how to treat older workers while he worked at Central Oil.

29.

Mr. Suggs was the oldest employee at the Baton Rouge branch of Central Oil and probably at all their sites with the exception of the owner. Mr. Suggs was 67 years old when he was terminated from Central Oil.

30.

Central Oil discriminated against Suggs in violation of the ADEA and La. R.S. 23:311 *et seq.* when it terminated his employment because of his age.

31.

Further discovery will show the willfulness of Central Oil's actions against Suggs

thereby warranting liquidated damages for Suggs.

## DAMAGES

32.

The Defendant's actions have caused Suggs to suffer substantial past, present, and future wage loss, and mental and emotional distress.

## JURY DEMAND

33.

Suggs respectfully demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, Allison R. Suggs, Sr., prays that after due proceedings there be judgment in his favor and against Defendant Central Oil or Baton Rouge, LLC:

a. That Suggs be awarded all back pay, fringe benefits, front pay and other compensation lost as a result of Defendant's unlawful conduct in an amount to be determined by the jury;

b. That Defendant pay Suggs such compensatory and punitive damages as are determined by the jury;

c. That Plaintiff be awarded reasonable attorney's fees, litigation expenses, expert fees, and costs; and

d. That Plaintiff be awarded other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED,**

BELL LAW FIRM, LLC
*/s/ Paul F. Bell*
Paul F. Bell (Bar #30391)
4949 Tulane Drive
Baton Rouge, LA  70808
Telephone: 225 284 3235
Facsimile: 888-812-7933   bz9@cox.net
*Counsel for Plaintiff, Alison R. Suggs, Sr.*

## SERVICE INFORMATION

    Plaintiff will mail USPS certified mail a Notice of Lawsuit and Request for Waiver of Citation and Acceptance of Service to the registered agent for Defendant Central Oil of Baton Rouge, LLC, Mr. Guy Campbell, III; 1503 N. 19th Street; Monroe, LA 71201.

/s/ *Paul F. Bell*
Paul F. Bell, Attorney for Plaintiff

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Alison R. Suggs<br>10632 Sherrie Lane<br>Denham Springs, LA 70726 | From: | New Orleans Field Office<br>1555 Poydras Street<br>Suite 1900<br>New Orleans, LA 70112 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2012-01898 | Uma Kandan,<br>Supervisory Investigator | (504) 595-2856 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     **DEC 1 2 2012**

Keith T. Hill,<br>Director     (Date Mailed)

Enclosures(s)

cc:
| Forbes McCreery<br>HR Representative<br>CENTRAL OIL & SUPPLY<br>2300 Booth St.<br>Monroe, LA 71201 | Paul F. Bell, Charging Party's Attorney<br>BELL LAW FIRM, LLC<br>4949 Tulane Drive<br>Baton Rouge, LA 70808 |
|---|---|

**Exhibit 1**

# ALISON SUGGS

# Earnings Statement

(535) CENTRAL OIL OF BATON ROUGE LLC  Dept: Department: 000 / 000 / 580 / BR Used Oil Driver  Federal: S / 0 / $0.00

SSN: xxx-xx-3219  Pay Period: 05/06/2012 to 05/20/2012  Paycheck Date: 05/25/2012  Paycheck Number: 0000029024  State: S / 0 / 0 / $0.00

Case 3:13-cv-00025-RLB   Document 1   01/10/13   Page 12 of 18

| Earnings | Pay Rate | Hours (Units) | Current Amount | YTD Amount |
|---|---|---|---|---|
| Commission | | | $0.00 | $1,611.93 |
| Commission (Monthly) | | | $0.00 | $590.25 |
| Holiday | | | $0.00 | $300.00 |
| Overtime | $22.50 | 11.02 | $247.95 | $2,355.55 |
| Regular | $15.00 | 70.95 | $1,064.25 | $12,780.75 |
| Sick / Personal | $15.00 | 8.00 | $120.00 | $120.00 |
| **Gross Earnings** | | 89.97 | $1,432.20 | $17,758.48 |

| Taxes | | | Current Amount | YTD Amount |
|---|---|---|---|---|
| Federal Tax | | | $185.70 | $2,270.31 |
| LA State | | | $45.30 | $544.27 |
| Medicare | | | $20.77 | $257.49 |
| Social Security | | | $60.15 | $745.85 |
| **Net Earnings** | | | $1,120.28 | $13,940.56 |

**Direct Deposit Distribution**

| | | | | |
|---|---|---|---|---|
| Dep Chkg xxx574 | | | $1,120.28 | $12,420.98 |

| Accrual Plans | Current Amount | Accrued Amount | Taken Amount | Available Amount |
|---|---|---|---|---|
| SICK | 0.0000 | 32.0000 | 8.0000 | 24.0000 |
| VACATION BR | 0.0000 | 40.0000 | 0.0000 | 40.0000 |

Exhibit 2

# ALISON SUGGS
# Earnings Statement

(535) CENTRAL OIL OF BATON ROUGE LLC  Dept: Department: 600 / 000 / 580 / BR Used Oil Driver  Federal: S / 0 / $0.00
SSN: xxx-xx-3219   Pay Period: 05/20/2012 to 06/03/2012   Paycheck Date: 06/08/2012   Paycheck Number: 0000029045   State: S / 0 / 0 / $0.00

| Earnings | Pay Rate | Hours (Units) | Current Amount | YTD Amount |
|---|---|---|---|---|
| Commission | | | $0.00 | $1,611.93 |
| Commission (Monthly) | | | $0.00 | $815.94 |
| Holiday | $15.00 | 8.00 | $120.00 | $420.00 |
| Overtime | $22.50 | 9.42 | $211.95 | $2,567.50 |
| Regular | $15.00 | 77.48 | $1,162.20 | $13,942.95 |
| Sick / Personal | | | $0.00 | $120.00 |
| Gross Earnings | | 94.90 | $1,494.15 | $19,478.32 |

| Taxes | | | Current Amount | YTD Amount |
|---|---|---|---|---|
| Federal Tax | | | $200.17 | $2,484.78 |
| LA State | | | $47.59 | $596.60 |
| Medicare | | | $21.67 | $282.43 |
| Social Security | | | $62.75 | $818.08 |
| Net Earnings | | | $1,161.97 | $15,296.43 |

**Direct Deposit Distribution**

| | | | Current Amount | YTD Amount |
|---|---|---|---|---|
| Dep Chkg xxx574 | | | $1,161.97 | $13,776.85 |

| Accrual Plans | Current Amount | Accrued Amount | Taken Amount | Available Amount |
|---|---|---|---|---|
| SICK | 0.0000 | 32.0000 | 8.0000 | 24.0000 |
| VACATION BR | 0.0000 | 40.0000 | 0.0000 | 40.0000 |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

CENTRAL OIL OF BATON ROUGE LLC
PAYROLL ACCT
P.O. BOX 4988
MONROE, LA 71211

CAPITAL ONE BANK

84-523
1111 04

0000029045
Date: 06/08/2012

**NON NEGOTIABLE**

PAY ONE THOUSAND ONE HUNDRED SIXTY-ONE AND 97 / 100 ********** Dollars      $1,161.97

To the order of:
ALISON SUGGS
12386 JOHN LAMBERT RD
GONZALES, LA 70737

Direct Deposit Advice

Exhibit 3

DOCUMENT CONTAINS GREEN PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK, HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.

****** NON - NEGOTIABLE ******

**ALISON SUGGS**                                                             **Earnings Statement**

(535) CENTRAL OIL OF BATON ROUGE LLC     Dept: Department: 000 / 000 / 580 / BR Used Oil Driver     Federal: S / 0 / $0.00

SSN: xxx-xx-3219     Pay Period: 06/03/2012 to 06/17/2012     Paycheck Date: 06/22/2012     Paycheck Number: 0000029061     State: S / 0 / 0 / $0.00

| Earnings | Pay Rate | Hours (Units) | Current Amount | YTD Amount |
|---|---|---|---|---|
| Commission | | | $0.00 | $1,611.93 |
| Commission (Monthly) | | | $0.00 | $815.94 |
| Holiday | | | $0.00 | $420.00 |
| Overtime | | | $0.00 | $2,567.50 |
| Regular | $15.00 | 17.92 | $268.80 | $14,211.75 |
| Sick / Personal | | | $0.00 | $120.00 |
| Vacation | $15.00 | 40.00 | $600.00 | $600.00 |
| **Gross Earnings** | | 57.92 | $868.80 | $20,347.12 |

| Taxes | | | | |
|---|---|---|---|---|
| Federal Tax | | | $101.19 | $2,585.97 |
| LA State | | | $24.45 | $621.05 |
| Medicare | | | $12.60 | $295.03 |
| Social Security | | | $36.49 | $854.57 |
| **Net Earnings** | | | $694.07 | $15,990.50 |

**Direct Deposit Distribution**

| | | | | |
|---|---|---|---|---|
| Dep Chkg xxx574 | | | $694.07 | $14,470.92 |

| Accrual Plans | Current Amount | Accrued Amount | Taken Amount | Available Amount |
|---|---|---|---|---|
| SICK | 0.0000 | 32.0000 | 8.0000 | 24.0000 |
| VACATION BR | 0.0000 | 40.0000 | 40.0000 | 0.0000 |

▼ **REMOVE DOCUMENT ALONG THIS PERFORATION** ▼

---

**CENTRAL OIL OF BATON ROUGE LLC**            84-523            **0000029061**
PAYROLL ACCT                                          1111 04           Date: 06/22/2012
P.O. BOX 4988                     CAPITAL ONE BANK
MONROE, LA 71211

NON NEGOTIABLE

PAY    SIX HUNDRED NINETY-FOUR AND 07 / 100 ********** Dollars                     **$694.07**

To the order of:
    ALISON SUGGS
    12386 JOHN LAMBERT RD
    GONZALES, LA 70737

**Exhibit 4**

DOCUMENT CONTAINS GREEN PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK, HOL... ...SENT.

****** NON - NEGOTIABLE ******

| 06220 | CENTRAL OIL OF BATON ROUGE, LLC | | | | Check No: 00003009 |
|---|---|---|---|---|---|
| Employee ID# P00326 | Employee Name ALISON SUGGS | | | SSN xxx-xx-3219 | Period Start 06/18/2012 |
| Check Date 07/06/2012 | Department DRIVER | | Location LA-BTNRG | Federal Allowances S-0 | Period End 07/01/2012 |

**EARNINGS:**

| Description | Rate | Hours | Amount | Year-to-Date |
|---|---|---|---|---|
| REGULAR | | | | $ 14,211.75 |
| OVERTIME | | | | $ 2,567.50 |
| HOLIDAY | | | | $ 420.00 |
| COMMISSION | | | $ 32.40 | $ 2,460.27 |
| VACATION | | | | $ 600.00 |
| PTO | | | | $ 120.00 |
| **Total Earnings:** | | 0.0000 | $ 32.40 | $ 20,379.52 |

**TAXES:**

| Description | Amount | Year-to-Date |
|---|---|---|
| FEDERAL W/H | $ | $ 2,585.97 |
| SOCIAL SEC | $ 1.37 | $ 855.94 |
| MEDICARE | $ 0.47 | $ 295.50 |
| LA STATE W/H | $ 0.68 | $ 621.73 |
| **Total Taxes:** | $ 2.52 | $ 4,359.14 |

**DEDUCTIONS:**

| Description | Amount | Year-to-Date |
|---|---|---|
| **Total Deductions:** | | |

Net Pay: $ 29.88
Net Pay Year-to-Date: $ 16,020.38

**DIRECT DEPOSIT:**

| Account Type | Account ID | Amount |
|---|---|---|
| CHECKING | 36574 | $ 29.88 |

**PAID LEAVE:**

| Plan Name | Available |
|---|---|
| PTO | 4.3100 |

**CONTRIBUTIONS:**

| Description | Amount | Year-to-Date |
|---|---|---|

REMOVE DOCUMENT ALONG THIS PERFORATION

©Exponent^HR by Exponent Technologies

---



**CENTRAL OIL & SUPPLY**

Date: 07/06/2012    00003009

Pay to the order of: **ALISON SUGGS**    Amount: $ ******29.88

Your net pay has been directly deposited into the bank accounts shown    U.S. Dollars

NON-NEGOTIABLE

Exhibit 5

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND GREEN ARE PRESENT.

# BELL LAW FIRM, LLC

| | |
|---|---|
| 4949 Tulane Drive | (225) 284-3235 |
| Baton Rouge, Louisiana 70808 | 888-812-7933 fax |
| www.BatonRougeEmploymentLawyer.com | Bz9@Cox.Net |

SENT VIA USPS CERTIFIED MAIL 9405 5036 9930 0075 4023 57

July 14, 2012

Central Oil & Supply
2300 Booth Street
Monroe, LA 71201

**Former employee, Al Suggs, Sr., requests $680 in unpaid wages**

Dear Payroll Department:

My client, Alison Suggs, Sr., who worked at your Baton Rouge facility, told me that you have not paid him all wages that are due him.

Louisiana law requires employers pay employees all wages due no later than the next regular payday following the date of his discharge (see La. R.S. 23:631-633). This letter is notice of Mr. Suggs' request that you pay him wages due. The law provides Mr. Suggs' penalties and attorney fees should Mr. Suggs prevail in a lawsuit against you.

Mr. Suggs went on sick leave on Thursday, June 7th and returned to work on Friday, June 15th whereupon he was terminated. He had accumulated 24 hours of sick leave and had taken those hours during his illness but you did not pay him for that leave.

In addition, your records show that Mr. Suggs averaged $350 per month in commissions on oil sales he made. His last six commissions were $498, $287, $404, $423, $302 and $226. You, however, calculated his last month's commission at $32. This is about $320 short since his sales in his last month were similar to those made in other months.

See CD attached for copies of Mr. Suggs' paycheck stubs. It shows typical commissions he earned and the 24 hours of sick leave he had accumulated.

Central Oil & Supply, therefore, owes Mr. Suggs $360 in unpaid vacation (24 hrs @ $15/hour) and $320 in commissions for a total of $680. Please provide him a

**Exhibit 6**

check for that amount less normal employment taxes.

This is the only notice you shall receive regarding this matter.  Please respond within 3 weeks.  Call me if you have any questions.

Sincerely,

Paul F. Bell
Attorney

Encl.  CD showing commissions and sick leave Mr. Suggs had accumulated

Exhibit 6

| | |
|---|---|
| **From:** | U.S. Postal Service |
| **To:** | BZ9@COX.NET |
| **Subject:** | U.S. Postal Service Track & Confirm email Restoration - 9405 5036 9930 0075 4023 57 |
| **Date:** | Monday, November 26, 2012 2:12:42 PM |

This is a post-only message. Please do not respond.

PAUL BELL has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 9405 5036 9930 0075 4023 57

Service Type: Delivery Confirmation(TM)

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | MONROE LA 71201 | 07/16/12 11:36am |
| Out for Delivery | MONROE LA 71201 | 07/16/12  7:26am |
| Sorting Complete | MONROE LA 71201 | 07/16/12  7:16am |
| Arrival at Post Office | MONROE LA 71201 | 07/16/12  4:45am |
| Depart USPS Sort Facility | SHREVEPORT LA 71102 | 07/15/12 |
| Processed through USPS Sort Facility | SHREVEPORT LA 71102 | 07/15/12  7:22am |
| Depart USPS Sort Facility | BATON ROUGE LA 70826 | 07/14/12 |
| Processed at USPS Origin Sort Facility | BATON ROUGE LA 70826 | 07/14/12  6:59pm |
| Acceptance | BATON ROUGE LA 70808 | 07/14/12 12:09pm |
| Electronic Shipping Info Received | | 07/13/12 |

-------------------------------------------------------------------------------

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm



Exhibit 7