UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALISON SUGGS, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-25-RLB** |
| **CENTRAL OIL OF BATON ROUGE, LLC** | **CONSENT** |

## RULING

Before the Court is a "Verified Motion for Award of Costs Relating to Defendant's Failure to Waive Formal Service of Process and Attorney Fees Relating to the Preparation of this Motion" (R. Doc. 31) filed by Plaintiff, Alison Suggs, Sr. Defendant, Central Oil of Baton Rouge, LLC, filed a Memorandum in Opposition (R. Doc. 37). For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

Plaintiff filed his Complaint on January 10, 2013 (R. Doc. 1). In this action, Plaintiff claims, among other things, that he was terminated by his employer, Central Oil, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a).

The instant Motion requests reimbursement of certain costs and fees incurred in order to effect service on Defendant and to prepare the Motion. Plaintiff asserts that Defendant failed to waive service under Rule 4(d) of the Federal Rules of Civil Procedure and therefore the Court must impose on Defendant certain expenses and fees as directed by Rule 4(d)(2).

In opposition, Defendant asserts that the Motion does not support the request for expenses and fees because it fails to show that the Notice of Lawsuit and Request to Waive Service of Summons (Notice) (R. Doc. 31-1 at 1-2) had actually been mailed or delivered to Defendant's registered agent. Defendant further asserts that it has no record of any receipt of the Notice and "does not recall" receiving the Notice. (R. Doc. 37).

## II. LAW AND ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure sets forth certain requirements for service of a summons and complaint following the commencement of an action in federal court. Personal service of a summons, along with a copy of the complaint, can be made in accordance with Rule 4(c). Waiver of service may be requested pursuant to Rule 4(d)(1): "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." The notice and request must satisfy certain requirements set forth in Rule 4(d)(1)(A)-(G).

After a plaintiff has satisfied these requirements and requested waiver, Rule 4(d)(2) provides that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)  the expenses later incurred in making service; and
>
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

It is undisputed that Defendant did not waive service in this matter. The inquiry, however, must begin with whether Plaintiff properly notified Defendant of its request for waiver of service of a summons under Rule 4(d)(1). In his Motion, Plaintiff asserts that "on January 11, 2013, Plaintiff notified defendant of the commencement of this action and requested that the

Defendant waive service of summons." (R. Doc. 31 at 1). Exhibit A to the Motion includes a copy of a Notice of a Lawsuit and Request to Waive Service of a Summons and a Waiver of the Service of Summons, both dated January 10, 2013 (R. Doc. 31-3 at 1-2). The Notice is addressed to Guy Campbell III, identified as the registered agent for Central Oil of Baton Rouge, LLC. Nothing in the Notice indicates where or to what address the request for waiver was sent. Nothing indicates when any such request was sent. Plaintiff represents in his Motion that he has attached certain U.S. Postal Service Return Receipts that presumably reflect his sending of the request. This documentation, however, confirms the delivery of a package in July of 2012 (R. Doc. 31-3 at 3). This is approximately 6 months prior to filing the Complaint. The documentation provided by Plaintiff contradicts his contention that he properly sent the request for waiver to Defendant as required to avail himself of the fee shifting provisions of Rule 4(d)(2).

Any application of Rule 4(d)(2) contemplates a sufficient showing that the request was sent and received by Defendant. In this case, there is nothing before the Court to show that this occurred. There is nothing to indicate where it was sent. The only documentation provided reflects the delivery of a package, to an unknown location in Monroe, Louisiana, months prior to the Complaint even being filed. Failure to comply with the specific requirements of Rule 4(d)(1) will foreclose any award of costs. *See Darby v. Norfleet*, No. 09-2764, 2010 WL 996545, at *3 (E.D. La. Feb. 22, 2010) (citing cases), *report and recommendation adopted by* 2010 WL 996542 (E.D. La. March 16, 2010).

Furthermore, Defendant has represented that he has no record of the waiver ever being received. The Court simply cannot find that Defendant failed, without good cause, to sign and return a waiver requested by Plaintiff. *See* Fed. R. Civ. P. 4(d)(2) advisory committee's note

(1993) ("Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Award of Costs and Attorney Fees (R. Doc. 31) is **DENIED.**

Signed in Baton Rouge, Louisiana, on July 9, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**